BRADFORD L. BOLTON,
CLERK

2004 JUL 19 A 10 30

U.S. BANKRUPTCY COURT
DISTRICT OF COLORADO

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

IN RE:

ROGER LEE OTTERSTEIN
KIMBERLY ANN OTTERSTEIN

    Debtors

Case No. 04-17519SBB
Chapter 13

PREMIER COMMUNICATIONS, INC, TODD STERN, JOHN HANCOCK, MIKE CORBETT, BROOKS HAYES, JOHN GRAY, AND LAWRENCE HANCOCK ON BEHALF OF THE LAWRENCE G. HANCOCK INTER-VIVOS TRUST

    Plaintiffs

vs.

ROGER LEE OTTERSTEIN

    Defendant

Adversary No.

04-1711 S**

## COMPLAINT
## To Determine Certain Debts Should Not Be Discharged
## Under 11 USC 523(a)(4), (6)

Comes now the Plaintiffs above named, by counsel who states and alleges the following:

### General Allegations

1. Jurisdiction for this adversary proceeding exists pursuant to 28 U.S.C. 157 and 2865 U.S.C. 1334.

2. Venue lies properly in this court pursuant to 28 U.S.C. 1409.

3. This matter is a core proceeding pursuant to 28 U.S.C.157.

4. In 2002, Debtor Roger Otterstein was sued in the Jefferson County Colorado District Court, civil action no. 2002CV3473, as the former President of Premier Communications, Inc. and as fiduciary to Premier Communications, Inc. as well as to Todd Stern, John Hancock, Mike Corbett, Brooks Hayes, John Gray, and Lawrence Hancock on behalf of the Lawrence G. Hancock Inter-Vivos Trust for breach of fiduciary duty, fraudulent transfer, and fraud for Otterstein's conversion of Premier Communications, Inc. funds to his own personal use.

5. Roger Otterstein fraudulently converted funds belonging to Plaintiffs herein to his personal benefit and has not accounted for such funds.

6. That on or about January 12, 2004, Plaintiffs obtained judgment on their claims against Roger Lee Otterstein in the above referenced State court action in the amount of $235,159.40 plus interest.

7. Plaintiffs are judgment creditors to the bankrupt estate and have recorded a transcript of judgment lien in the Jefferson County Colorado records.

### First Claim for Relief

8. Plaintiff incorporates allegations 1-7 herein by reference.

9. Plaintiff Premier Communications, Inc. is a corporation and resident of the State of Colorado and operates an interstate telephone related communications business. Individual Plaintiffs are residents of the State of Colorado.

10. Plaintiffs are listed on Debtors schedule of creditors as holding an uncontested liquidated debt.

11. Debtor Roger Otterstein has diverted funds received from Premier Communications, Inc. owners who subscribed for stock in Premier Communications, Inc. towards his own private use, which funds were to be held in trust.

12. Pursuant to 11 U.S.C. 523 (a)(6) Debtor Roger Lee Otterstein willfully and maliciously financially injured Plaintiffs or the property of Plaintiffs.

13. Pursuant to 11 U.S.C. 523(a)(4) such diversion of funds constitutes "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." More specifically, Plaintiffs allege Debtor Roger Lee Otterstein has diverted funds owned by Plaintiff Premier Communications, Inc. and/or its shareholders causing severe financial problems and loss to these Plaintiffs.

14. Plaintiffs are owed the approximate sum of $235,159.40 plus interest as provided by judgment.

**WHEREFORE** Plaintiff prays for an Order pursuant to 11 U.S.C. 17 that Roger Lee Otterstein has willfully and maliciously financially injured Plaintiffs or the property of Plaintiffs in violation of 11 U.S.C. 523 (a)(6) and that any and all funds received by Debtor Roger Lee Otterstein from Premier Communications, Inc. and/or its various shareholders as investments in Premier Communications, Inc. which funds have not been paid through by Debtor to Plaintiff, Premier Communications, Inc. are funds that were to be held in trust pursuant to Roger Lee Otterstein's fiduciary responsibility and for purpose of 11 U.S.C. 523(a)(4) that such diversion of funds constitutes "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny," and that such amounts, together with accrued interest, SHALL NOT BE DISCHARGEABLE NOR DISCHARGED IN THIS BANKRUPTCY. Additionally, Plaintiff requests an Order of Relief from Stay in favor of Plaintiffs and against Defendant Roger Lee Otterstein, individually to continue collection efforts in the State court action.

Under the provisions of 11 U.S.C. 103(a)(9), the Plaintiff request their attorney fees related to the prosecution of this Complaint as a part of the debt resulting from Debtors fraud. See *In Re Romero*, 535 F.2d 618 (10th Cir. 1976).

Plaintiff further prays for such other and further relief as to the court deem proper.

Respectfully Submitted
Laurence J. Rich and Associates

Dated: 7/16/04

by: _____
Laurence J. Rich
Attorney for Plaintiff

### CERTIFICATE OF SERVICE BY MAIL

I hereby certify that pursuant to the Rule requiring service upon the attorney of record for the Respondents and Trustee, on the date identified below a copy of this document was sent to Defendant's attorney by first class U.S. mail, postage prepaid, to:

Bankruptcy Trustee
Sally Zeman
Chapter 13 Trustee
P.O. Box 1169
Denver, CO 80201

Attorney for Debtors
William D. Nelsch
1490 Lafayette Street, Ste 407
Denver, CO 80218

Dated: 7/16/04